

**DEPARTMENT OF HEALTH AND HUMAN SERVICES**           Office of the Secretary

Office of the Assistant Secretary for Health
Office of Population Affairs
Washington, D.C. 20201

March 20, 2023

Yoshie Darnall, Program Director
Ralph Alvarado, Authorized Official
Grant #FPHPA006553
710 James Robertson Pkwy
Nashville, TN 37243

Re: Decision not to fund continuation award for FPHPA006553

Dear Ms. Darnall & Dr. Alvarado,

We have received your March 13, 2023, response to our March 1, 2023, letter. Based upon the information you provided in that response, the Office of Population Affairs (OPA) has recommended not providing Fiscal Year (FY) 2023 continuation funding for the Tennessee Department of Health non-competing continuation application for FPHPA006553. According to regulations implementing the Title X family planning services program at 42 CFR part 59, subpart A, "Decisions regarding continuation awards and the funding level of such awards will be made after consideration of such factors as the grantee's progress and management practices, and the availability of funds. In all cases, continuation awards require a determination by HHS that continued funding is in the best interest of the government" (42 C.F.R. § 59.8(b)).[1] OPA's recommendation is based on the determination that continued funding is not in the best interest of the government because Tennessee is out of compliance with the Title X regulatory requirements. OPA consulted with the Office of the Assistant Secretary for Health (OASH) Grants and Acquisitions Management Division in formulating its recommendation. Because of OPA's determination of your non-compliance with the Title X regulation, the grants management officer (GMO) has determined that Tennessee is unable to comply with the terms and conditions of the award. The GMO concurs with OPA's recommendation not to fund a continuation award.

**Summary**

On January 25, 2023, the Office of Population Affairs (OPA) began a review of all Title X service grants to ensure compliance with the requirements for nondirective options counseling and referral, in accordance with the 2021 Title X implementing regulations at 42 CFR § 59.5 (a)(5). As stated in the initial request, OPA does not intend to bring enforcement actions against Title X recipients that are making, and continue to make, good-faith efforts to comply with the 2021 Final Rule. OPA is committed to working with grantees to assist them in coming into compliance with the requirements of the 2021 Final Rule.

---

[1] Title X regulations also make clear that, "Neither the approval of any application nor the award of any grant commits or obligates the United States in any way to make any additional supplemental, continuation, or other award with respect to any approved application or portion of an approved application" (42 CFR 59.8(g)).

As part of the request, grantees were required to submit a copy of the current policy(ies) and any other supporting documentation (e.g., procedures, subrecipient contract language) for providing nondirective options counseling and referrals within its Title X project. Additionally, grantees were asked to provide a written statement of compliance with the 2021 Title X Final Rule, including the requirements for providing nondirective options counseling and referrals within its Title X project, signed by the Project Director and Authorized Official. The request was to be fulfilled as a Grant Note within GrantSolutions.

The initial deadline for submission was February 6, 2023. On February 3, 2023, the Tennessee Department of Health requested an extension to February 13, 2023, to give the new commissioner (Dr. Ralph Alvarado, sworn in January 17, 2023) time to review the program and provide a response. We granted the extension that same day. On February 7, 2023, Tennessee requested an additional extension to February 28, 2023, indicating that they had underestimated "the amount of time needed to get the new Commissioner, Dr. Alvarado, knowledgeable about Title X and the requirements." On February 9, 2023, OPA denied the request for a second extension. We received your submission on February 13, 2023, which included an attached policy entitled "Pregnancy Test Conducted in a Family Planning Visit."

On March 1, 2023, OPA informed you that Tennessee's policy for providing nondirective options counseling within your Title X project is not in compliance with the Title X regulatory requirements and, therefore, cannot be approved. Specifically, the policy submitted as proof of compliance states that, "Patients with positive pregnancy test must be offered the opportunity to be provided information and counseling regarding all options that are legal in the State of Tennessee." The inclusion of "legal in the state of Tennessee" is not an acceptable addition to your policy as Title X recipients must still follow all Federal regulatory requirements regarding nondirective options counseling and referrals. In addition, the nursing protocol only included the steps for treating clients who opt to continue a pregnancy. And, while the policy does appear to provide instructions related to providing counseling and referral for prenatal care, no instructions are given for infant care, foster care, adoption, or pregnancy termination, which are all required to be provided upon request.

In the March 1, letter, OPA also informed Tennessee that in order to be in compliance with the 2021 Title X implementing regulations at 42 CFR § 59.5(a)(5), Tennessee's policy must clearly state that the project will offer pregnant clients information and nondirective counseling on each of the following options: prenatal care and delivery; infant care, foster care, or adoption; and pregnancy termination (unless clients indicate they do not want such information or counseling). Additionally, projects are required to provide referrals upon client request, including referrals for abortion. OPA instructed Tennessee to provide written assurance, stating that the project is in compliance with the Title X nondirective options counseling requirement at 42 CFR § 59.5(a)(5)(ii) and supporting documentation showing compliance, by March 13, 2023. OPA also requested that Tennessee provide OPA with a revised counseling policy, and a procedure related to referrals. Finally, in the March 1, 2023, letter, Tennessee was also given the option to submit an alternate compliance proposal, which included three examples of compliance with 42 CFR § 59.5(a)(5)(ii).

On March 13, 2023, you responded that Tennessee's nondirective policy appears to be in compliance with Title X given the standard of care in Tennessee. You indicated that, pursuant to Tennessee law, Title X subgrantees' physicians can comply with the Title X nondirective options counseling and referral requirements set out in 42 CFR § 59.5(a)(5) by referring patients for "terminat[ing] the pregnancy of a woman known to be pregnant" when the termination is with intent "to increase the probability of a live birth, to preserve the life or health of the child after live birth, or to remove a dead fetus." Tenn. Code Ann. § 39-15-213(a)(1) (excluding such procedures from the definition of abortion). For these reasons, Tennessee does not construe the phrase "pregnancy termination" to include every possible method of "pregnancy termination," such as abortion.

OPA has reviewed your statement and determined that Tennessee's policy for providing nondirective options counseling and referral within your Title X project remains not in compliance with the Title X regulatory requirements and, therefore, the terms and conditions of your grant. As we indicated in our March 1, 2023, letter, Title X recipients must follow all Federal regulatory requirements regarding nondirective options counseling and referrals, including providing referrals for abortion upon client request.[2] We understand that in some circumstances, those referrals will need to be made out of state. As noted above, based upon this determination of noncompliance with the Title X regulatory requirements, OPA has recommended not providing Fiscal Year (FY) 2023 continuation funding for the Tennessee Department of Health non-competing continuation application for FPHPA006553, as continued funding is not in the best interest of the government.

**Next Steps**

We will issue a notice of award with a project period end date of March 31, 2023 and include instructions for closing out your award. Requests for a no-cost extension will be considered if submitted promptly in order to complete activities for an orderly shutdown of award activities (e.g., completing already scheduled appointments for services). Your complete close out documentation must be submitted within 120 days of the end of the project period.

Please contact your GAM Grants Management Specialist, Robin Fuller, for more information on closing out your award. OPA will assist you with closing out the programmatic reporting requirements of your award. If you have questions, please contact your OPA Project Officer, Tisha Reed.

Very respectfully,

| | |
|---|---|
| Jessica Swafford Marcella | Scott Moore |
| Deputy Assistant Secretary for Population Affairs | Grants Management Officer |
| U.S. Department of Health and Human Services | U.S. Department of Health and Human Services |
| Office of the Assistant Secretary for Health | Office of the Assistant Secretary for Health |
| Office of Population Affairs | Grants and Acquisitions Management |

---

[2] The abortion counseling and referral requirements were made clear in the 2021 Title X Final Rule. 86 Fed. Reg. 56144 (2021).