DEPARTMENT OF HEALTH AND HUMAN SERVICES
DEPARTMENTAL APPEALS BOARD
Appellate division

In the Case of: )
)
Tennessee Department of Health, )
) Date: May 11, 2023
Appellant, ) Docket No. A-23-38
)
v. )
)
Office of Population Affairs (OPA), )
)
Respondent. )
)

Response to Request for Agency Opinion on Jurisdiction

On April 27, 2023, the Departmental Appeals Board ("the Board") requested a statement by the Office of Population Affairs (OPA) on whether the Board may review the decision not to provide a Title X continuation award to the Tennessee Department of Health under 45 C.F.R Part 16. At a minimum, the Board asked OPA to address Appellant's contention that Board review is available under 45 C.F.R. Part 16, Appendix A, ¶ C(a)(2), and further address whether or not the decision is, alternatively, appealable under Appendix A, ¶ C(a)(3).[1]

As explained below, OPA concedes that the Board may review OPA's decision under 45 C.F.R. Appendix A, ¶ C(a)(3). However, Tennessee has yet to exhaust its informal appeal under 42 C.F.R. Part 50, Subpart D. For this reason, the Appellant has not yet "exhausted any preliminary appeal process required by regulation." 45 C.F.R. § 16.3(c). Therefore, the Board should postpone its consideration of this case until the informal appeal process has concluded.

Background

Congress enacted Title X of the Public Health Service Act (42 U.S.C. § 300, *et seq.*) in 1970 to make voluntary federal family-planning services available to those who need

---

[1] While OPA believes that its actions were appropriate and should be upheld on the merits by the Board, this response is limited to threshold jurisdictional issues, per the request of the Board.

1

them without regard to ability to pay. The Act authorizes HHS to make grants for the operation of Title X projects which "shall offer a broad range of acceptable and effective family planning methods and services" 42 U.S.C. § 300(a). Such grants "shall be made in accordance with such regulations as the Secretary may promulgate." *Id*. § 300a-4(a).

For almost the entirety of the Title X program's existence, OPA's implementing regulations have required nondirective options counseling of pregnant clients and, if requested, referral for "pregnancy termination." *See* 42 C.F.R. § 59.5(a)(5). These regulations were briefly rescinded in 2019, but after a change in Administration, OPA reinstituted these rules through a comprehensive rulemaking. 86 Fed. Reg. 56144 (Oct 7, 2021).

Subsequent to the 2021 rulemaking, the Supreme Court decided *Dobbs v. Jackson Women's Health Ass.*, 142 S. Ct. 2228 (2022) which overturned the decision in *Roe v. Wade*, 410 U.S. 113 (1973), guaranteeing the right to abortion in certain circumstances. Immediately after *Dobbs*, OPA issued guidance making clear to grantees that pregnancy counseling and referrals were still required, but also that "Title X recipients have flexibility to refer clients for services across state lines if necessary." See attachment 1, page 5, Dobbs v. Jackson Women's Health Organization U.S. Supreme Court Decision: Impact on Title X Program (June 2022) (question 11).

Several months later, OPA canvassed all grantees to ensure compliance with the Title X rule regarding counseling and referral, even when that referral may need to be out of state because of a state's abortion laws. See attachment 2, page 1, Jan. 25 OPA letter to Title X grantees ("OPA is committed to working with grantees to assist them in coming into compliance with the requirements of the 2021 Final Rule."). OPA stressed its intention not to bring enforcement actions against grantees making "good faith efforts to comply with the 2021 Final Rule." *Id.* Tennessee failed to meet OPA's regulatory requirements and was the only grantee that failed to do so.

After multiple attempts to encourage compliance and Tennessee's continued refusal to follow Title X regulations, OPA concluded funding a 2023 continuation award was not in the "best interest of the government," and exercised its discretion under Title X regulations. 42 C.F.R. § 59.8 (b&c). See attachment 3, page 1, March 20 letter from Jess Marcella and Scott Moore to Yoshie Darnall. On April 19, 2023, Tennessee simultaneously appealed that decision to both the DAB (42 C.F.R. Part 16) and OPA under the Public Health Service Act informal appeals procedures (42 C.F.R. Part 50, Subpart D) See Attachment 4, page 1, April 19 Tennessee Appeal Notice to OPA (claiming "adverse determination" of agency subject to review under 42 C.F.R. Part 50, subpart D).

2

Discussion

The appealed decision is one that the Board is authorized to review. Appendix A to the Board's implementing regulations at 45 C.F.R. Part 16, which describes "the types of disputes covered" by the Board's review, provides as follows:

> (a) The Board reviews the following types of final written decisions in disputes arising in any HHS program authorizing the award of direct, discretionary project grants or cooperative agreements: . . .
> . . .
> (2) A termination for failure to comply with the terms of an award;
> (3) A denial of a noncompeting continuation award under the project period system of funding where the denial is for failure to comply with the terms of a previous award.

45 C.F.R. Part 16, App. A ¶ (C)(a)(2)-(3).

The conditions described in 45 C.F.R. Part 16, App. A ¶ (C)(a)(3) are satisfied here. As described in its March 20, 2023, letter, OPA denied a noncompeting continuation award to Tennessee pursuant to its regulation at 42 C.F.R. § 59.8. The denial of the noncompeting continuation award was based in part on Tennessee's failure to comply with the terms of its grant. As the March 20, 2023, letter explains, OPA concluded that Tennessee was out of compliance with the Title X implementing regulations, and therefore "the grants management officer (GMO) . . . determined that Tennessee is unable to comply with the terms and conditions of the award." *See* attachment 3, page 1; *see also* attachment 5, page 2, March 1 letter from Jessica Marcella and Scott Moore to Yoshie Darnall (explaining to Tennessee that "[f]ailure to provide the requested assurance and supporting documentation, and to show that you are in compliance with the 2021 Title X regulatory requirements at 42 CFR § 59.5(a)(5)(ii), will constitute material noncompliance with the terms and conditions of your award."). Because this dispute satisfies 45 C.F.R. Part 16, App. A ¶ (C)(a)(3), the Board has general authority to hear this appeal.

The conditions described in 45 C.F.R. Part 16, App. A ¶ (C)(a)(2) are not satisfied. Contrary to Appellant's assertion, because the action at issue here is a denial of a noncompeting continuation award as opposed to a termination of a current award.

Tennessee has raised some claims that fall within the scope of the Board's subject matter jurisdiction. Although the Board is "bound by all applicable laws and regulations," 45 C.F.R. § 16.14, and "does not have the authority to consider whether a regulation is unconstitutional," *Childcare group*, DAB No. 3010 (2020) (H.H.S. Aug. 3, 2020), the Board may review the "factual basis for the [funding] decision," *see Nebraska Dep't of Health & Hum. Servs.*, DAB No. 3071 (2022) (H.H.S. Sept. 27,

2022). Further, the Board may assess a federal agency's interpretation of a statute or regulation. *Washington State Health Care Auth.*, DAB No. 3037 (2021) (H.H.S. Apr. 19, 2021) (providing that when the language of a statute or regulation is clear, the Board applies it by its terms, but that when such language is ambiguous, "the Board generally will defer to the federal agency's interpretation, so long as it is reasonable and the nonfederal party had adequate notice of that interpretation or, in the absence of actual and timely notice, did not rely to its detriment on another reasonable interpretation."). The Board therefore has authority to review Tennessee's claims challenging the factual basis of OPA's action and OPA's interpretation of its implementing regulations (if deemed ambiguous).

Although the Board may have the authority to review the decision in this appeal, Appellant has not yet exhausted the preliminary appeal process required by regulation, a condition precedent to the Board's substantive review of this appeal. Tennessee invoked the informal appeals procedure, 42 C.F.R. § 50.404(a)(1)-(4), and the Assistant Secretary for Health issued an acknowledgement letter this week. See attachment 6, May 11 letter, Assistant Secretary for Health letter to Tennessee; *See also* Attachment 4. As the final decision triggering Board review is the written decision of the review committee, Board consideration is premature. 42 C.F.R. §16.3(c) ("The appellant must have exhausted any preliminary appeal process required by regulation. For example, see 42 C.F.R. part 50 (subpart D) for Public Health Service programs. In such cases, the final written decision required for the Board's review is the decision resulting from the preliminary review or appeal process."). For this reason, the Board must postpone its substantive review until the informal appeals process has concluded.

/s/ Mark McGinnis

_____
Office of the General Counsel,
Public Health Division
U.S. Department of Health and Human Services


/s/ Alexandra Slessarev

_____
Office of the General Counsel,
Public Health Division
U.S. Department of Health and Human Services

# CERTIFICATE OF SERVICE

This is to certify that on this 26th day of May 11, 2023, Response to Request for Agency Opinion on Jurisdiction:

    Jeffrey Sacks    (Served via DAB E-File)
    Board Member
    Departmental Appeals Board
    Civil Remedies Division
    330 Independence Avenue, SW
    Cohen Building, Room G-644
    Washington, DC   20201

    Trenton Meriwether    (Served via DAB E-File)
    Matthew Dykstra
    Office of Tennessee Attorney General
    Healthcare Division
    P.O. Box 20207
    Nashville, Tennessee 37202

    /s/ Mark McGinnis

    _____
    Office of the General Counsel,
    Department of Health and Human Services
    701 Fifth Avenue, Suite 1600, MS/10
    Seattle, WA   98104
    Tel.: 202-963-8873
    Mark.McGinnis@hhs.gov