

**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of the Secretary

Departmental Appeals Board
Appellate Division, MS 6127
Room G-644, Cohen Building
330 Independence Avenue, SW
Washington, D.C. 20201

April 27, 2023

**BY DAB E-FILE**

Trenton Meriwether, Assistant Attorney General
Matthew P. Dykstra, Assistant Attorney General
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202

Mark McGinnis
Office of the General Counsel, Public Health Division
U.S. Department of Health and Human Services
701 Fifth Avenue, Suite 1600, MS/10
Seattle, Washington 98104

and

Alex Slessarev
Office of the General Counsel, Public Health Division
U.S. Department of Health and Human Services
15 Sudbury St, Suite 2250
Boston, Massachusetts 02203

Board Docket No. A-23-38

## ACKNOWLEDGMENT OF NOTICE OF APPEAL AND REQUEST
## FOR AGENCY OPINION ON JURISDICTION

| | | |
|---|---|---|
| Appellant | : | Tennessee Department of Health |
| Notice filed by | : | Trenton Meriwether, et al. |
| Dated | : | April 19, 2023 |
| Appeal from decision of | : | Office of Assistant Secretary of Health, Office of Population Affairs |
| Date of appealed decision | : | March 20, 2023 |
| Control No. | : | FPHPA006553 |
| Statute/program | : | 42 U.S.C. § 300 et seq./Project Grants and Contracts for Family Planning Services |

| Presiding Board Member | : Jeffrey Sacks |
|---|---|
| Board attorney contact | : Ken Veilleux |
| | (202) 565-0130 (phone) |
| | (202) 565-0238 (FAX) |
| | ken.veilleux@hhs.gov |

The notice of appeal described above has been received by the Departmental Appeals Board. The Board's members are appointed by the Department of Health and Human Services (HHS) to provide an impartial, independent review of disputes arising in a wide range of HHS programs. The Board is separate from the part of HHS which issued the decision being appealed.

This letter summarizes the next procedural steps in the appeal. For further details about Board procedures, please see the regulations at 45 C.F.R. Part 16 (available at http://www.ecfr.gov/) and the Appellate Division Practice Manual at https://www.hhs.gov/about/agencies/dab/different-appeals-at-dab/appeals-to-board/practice-manual/index.html.

Both parties must use DAB E-File for future submissions in this appeal and will be deemed to have consented to accept electronic service of appeal-related documents via DAB E-File (including documents from the Board). A document will be deemed to be filed with the Board on a given day if it is uploaded to DAB E-File on or before 11:59 p.m. eastern time of that day. All submissions in this appeal should refer to the Appellate Division docket number.

Before contacting the Board to request an extension of time to make a required submission, you should ask the other party's representative if there is an objection.

As explained in the Board's regulations and Practice Manual, there are four general prerequisites for Board review under 45 C.F.R. Part 16: (1) the appellant must have received a "final written decision" by an HHS operating component or agency; (2) the appellant must have filed its appeal to the Board within 30 days after receiving the final written decision; (3) the appellant must have exhausted any required preliminary review process; and (4) the appealed decision must be one that the Board is authorized to review. *See* 45 C.F.R. § 16.3; *App. Div. Practice Manual,* "*What are the prerequisites for Board review under 45 C.F.R. Part 16.*"

The Tennessee Department of Health (Appellant) seeks Board review of a March 20, 2023 decision by the Office of Population Affairs (Respondent) to discontinue federal funding of Tennessee's family planning services project under Title X of the Social Security Act, 42 U.S.C. § 300 *et seq.* Respondent's decision describes itself as one "not to fund a continuation award." The decision further states that it is based on a determination that "continued funding [of Tennessee's Title X project] is not in the best

interest of the government because Tennessee is out of compliance with [certain] Title X regulatory requirements." The decision does not state whether the Appellant has a right to appeal under 45 C.F.R. Part 16.[1]

In its notice of appeal, the Appellant asserts that the discontinued Title X funding was provided under a "direct, discretionary project grant." The Appellant characterizes the March 20, 2023 decision as a grant termination that may be appealed under 45 C.F.R. Part 16, Appendix A, ¶ C(a)(2), which authorizes Board review of any final written decision to "terminat[e] [a direct, discretionary project grant or cooperative agreement] for failure to comply with the terms of [the] award."

The Board's regulations provide that if the Board Chair finds that there is "some question" about whether an appeal meets the conditions for Board review, "the Board will request the written opinion of the HHS component which issued the decision." 45 C.F.R. Part 16, Appendix A, ¶ G. The Board Chair is bound by the HHS component's opinion unless the Board Chair determines that it is "clearly erroneous."

In view of the parties' apparent disagreement about how to characterize the appealed decision, the Board Chair has determined that there is some question about whether the Board is authorized to review it. Accordingly, the Board requests that Respondent submit a written opinion about whether the Board may review the appealed decision under 45 C.F.R. Part 16. At minimum, the Respondent's opinion should address Appellant's contention that Board review is available under 45 C.F.R. Part 16, Appendix A, ¶ C(a)(2), and further address whether or not the decision is, alternatively, appealable under Appendix A, ¶ C(a)(3), which authorizes Board review of a "denial of noncompeting continuation award under the project period system of funding where the denial is for failure to comply with the terms of a previous award."

Respondent's opinion should be filed within 14 days of its receipt of this letter. If Respondent's opinion is that Board review is not authorized, then the Appellant may file a response to that opinion within 14 days after receiving it. The parties may submit relevant evidence supporting their respective positions.

After reviewing the parties' submissions, the Board Chair will issue a ruling on the jurisdictional issue. If the Board Chair determines that the Board has jurisdiction to review the March 20, 2023 decision, then the Chair's ruling will also notify the parties

---

[1] On April 20, 2023, shortly after the Board docketed the appeal, Mark McGinnis, an attorney with the Public Health Division of the HHS Office of General Counsel (OGC) sent an email to the Board's Appellate Division Director, expressing "initial" or tentative views about whether the Board may review the March 20, 2023 decision. Mr. McGinnis's email also forwarded an email communication between employees of Respondent and OGC attorneys. The Board is not admitting these materials to the record at this time as they may include statements or information that may be privileged.

about the next steps in the appeal, including the schedule for filing appeal briefs and exhibits.

Whether or not it accepts the appeal, the Departmental Appeals Board can provide alternative dispute resolution services such as mediation or early neutral evaluation.  For information on these services, see http://www.hhs.gov/about/ agencies/dab/adr-services/index.html or contact the Director of Mediation Services at ADR@hhs.gov or 202-934-4179.


Constance B. Tobias
Chair, Departmental Appeals Board


Jeffrey Sacks
Presiding Board Member

cc:    Deputy Assistant IG for Auditing
       Office of the Inspector General