# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| STATE OF TENNESSEE, | ) |
| *Plaintiff*, | ) |
| v. | ) Civil Action No. 3:23-cv-0384 |
| | ) Judge Travis R. McDonough |
| XAVIER BECERRA, in his official | ) Magistrate Judge Jill E. McCook |
| capacity as Secretary of Health and Human | ) |
| Services; U.S. DEPARTMENT OF | ) |
| HEALTH AND HUMAN SERVICES; | ) |
| JESSICA S. MARCELLA, in her official | ) |
| capacity as Deputy Assistant Secretary for | ) |
| Population Affairs; and OFFICE OF | ) |
| POPULATION AFFAIRS, | ) |
| *Defendants.* | ) |

## PLAINTIFF'S PARTIALLY UNOPPOSED MOTION FOR ORDER SETTING BRIEFING SCHEDULE

This case involves Plaintiff the State of Tennessee's challenge to the discontinuation of Tennessee's funding under Title X of the Public Health Service Act, 42 U.S.C. §§ 300 to 300a-8. Tennessee and Defendants Xavier Becerra, in his official capacity as Secretary of Health and Human Services, the U.S. Department of Health and Human Services, Jessica S. Marcella, in her official capacity as Deputy Assistant Secretary for Population Affairs, and the Office of Population Affairs, have conferred regarding entry of a potential briefing schedule to govern the proceedings moving forward. As discussed herein, Tennessee intends to respectfully request at least a preliminary decision in this matter by **March 25, 2024,** to avoid additional, irreparable harm that Defendants' challenged action would cause in the few weeks following that date. The parties have conferred and discussed proposed schedules with an aim of allowing this Court adequate time to

1

address Tennessee's alleged upcoming harm while promoting efficiency and the preservation of the parties' and judicial resources. In support of this Motion, Tennessee states as follows:

1. Tennessee filed this action on October 24, 2023. *See* Complaint, D.E. 1. As more fully described in the Complaint, at issue is Defendants' decision to rescind Tennessee's 5-year award of funding under Title X. Tennessee has received Title X funding since 1971; for the past few years, the federal government has provided Tennessee around $7 million per year through the Title X program. Tennessee, through its Department of Health, in turn uses this funding to employ around 50 state employees who annually provide family-planning services to approximately 40,000 people across the State.

2. In March 2023, Defendants informed Tennessee that they were cancelling the State's Title X funding due to Tennessee's policy against referring those served through Title X to abortion providers except in instances permitted under state law. As a result, Tennessee did not receive the $7.1 million in 2023 funds to which it was entitled under its five-year Title X grant. Amosun Decl. ¶ 23, D.E. 1-5. Nor, if the cancellation decision stands, will Tennessee receive that $7.1 million for any of the years between now and the next grant cycle reopening in 2027. *Id.*

3. Tennessee plans to request relief from this Court on a timeline that would allow Tennessee to receive guidance and judicial relief in advance of dates important to the administration of the family-planning program. Defendants traditionally disburse each year's worth of Title X funding on April 1; there is no indication that Defendants intend to alter this date in 2024. Last year, to make up for the $7-plus million shortfall in the Department of Health's 2023 Title X budget, lawmakers appropriated around $7.1 million in state funding to continue operating the Department's family planning program. Amosun Decl. ¶ 24, D.E. 1-5. Undersigned counsel

understands that this funding will allow the Department to continue operating the family planning program, and employing some 50 staff members, until July 1, 2024.

4. As discussed below, to preserve Tennessee's ability to receive any 2024 funding to which it may be entitled under this Court's decision as of April 1, 2024, and to preserve state lawmakers' ability to take appropriate legislative action with respect to the continued operation of the Department's family planning program, Tennessee intends to respectfully request that this Court provide at least a preliminary resolution of Tennessee's challenge by March 25, 2024.

5. Shortly after filing this lawsuit, undersigned counsel contacted the Department of Justice to inform Defendants' counsel of Tennessee's desire to reach an agreed-upon briefing schedule to govern the proceedings. Counsel from both sides have repeatedly conferred and discussed potential approaches to briefing this case efficiently and expeditiously. Tennessee's proposed approaches, and Defendants' responses, are set out below for the Court's consideration.

**Schedule for Briefing Preliminary Injunction and Summary Judgment Motions**

Plaintiff Tennessee's Position

6. Tennessee sees two potential paths forward, depending upon the Court's preference for consolidating preliminary and merits proceedings.

7. *First*, the parties could proceed in bifurcated preliminary injunction and merits proceedings, so that the parties would initially brief a standalone preliminary injunction motion for the Court's immediate resolution. If the Court prefers that the parties proceed first with a standalone preliminary injunction motion, Tennessee and Defendants have jointly consented to the below schedule and page limits. Under this schedule, the preliminary injunction motion would be fully briefed in late-January 2024, approximately 2 months prior to Tennessee's requested March 25, 2024 decision.

| Parties' Consent Schedule for Preliminary Injunction Motion | | |
|---|---|---|
| **Event** | **Deadline** | **Page Limit** |
| Tennessee's Motion for Preliminary Injunction | Dec. 1, 2023 | 30 |
| Defendants' Opposition to Motion for Preliminary Injunction | Jan. 16, 2023 | 30 |
| Tennessee's Reply in Support of Motion for Preliminary Injunction | Jan. 23, 2023 | 10 |

8. *Second*, the parties could proceed pursuant to a consolidated schedule, under which the parties would brief a single combined motion for preliminary injunction and motion for summary judgment. Tennessee submits that this latter approach is routine in cases, like this, involving challenges under the Administrative Procedure Act, which present purely legal issues resolved on the basis of an administrative record and do not typically involve discovery. Because the merits analysis at both the preliminary-injunction and summary-judgment phase is likely to substantially overlap, consolidation has the potential to streamline the parties' briefing and this Court's adjudication while preserving the Court's option to issue a preliminary decision or fully resolve the case on the merits. If the Court prefers to consolidate the preliminary injunction and merits phases, Tennessee proposes the following expedited briefing schedule.

| Tennessee's Proposed Schedule for Consolidated Preliminary Injunction and Summary Judgment Motion | | |
|---|---|---|
| Tennessee's Combined Motions for Summary Judgment and Preliminary Injunction (Plus Appendix of Cited Materials) | December 8, 2023 | 40 |
| Defendants' Service of the Administrative Record | January 16, 2024 | N/A |
| Certified list of the Contents of the Administrative Record | January 16, 2024 | N/A |
| Defendants' Combined (i) Opposition to Plaintiff's Motions and (ii) Cross-Motion for Summary Judgment | January 24, 2024 | 50 |
| Tennessee's Combined (i) Reply in Support of Its Motions and (ii) Opposition to Defendants' Cross-Motion | February 9, 2024 | 30 |
| Defendants' Reply in Support of Their Cross-Motion | February 23, 2024 | 20 |
| Joint Appendix | February 23, 2024 | |

If this Court does not rule on this Motion by December 1, 2023—the start of the parties' agreed-to preliminary-injunction briefing schedule—then Tennessee will proceed to file a preliminary injunction motion in the normal course on that date.

## Defendants' Position

9. Defendants oppose Tennessee's alternative approach of consolidating the preliminary injunction and summary judgment briefing. Although Defendants do not concede that Tennessee needs a decision in this matter by March 2024, Defendants nevertheless are willing to expedite the timeline for briefing cross-motions for summary judgment so that the motions may be presented to the Court on Tennessee's preferred timeline. However, Defendants submit that any expedited summary judgment briefing should be in lieu of a motion for preliminary injunction, not in addition to such motion. Defendants submit that a motion for preliminary injunction would necessarily raise its own set of legal standards and issues that must be addressed in addition to summary judgment arguments. Yet the requested preliminary relief may be unnecessary given that the proposed expedited briefing schedule offers the opportunity for meaningful relief at the summary judgment stage—thus rendering briefing on the preliminary injunction factors superfluous. Alternatively, if the Court issues a decision on the preliminary injunction motion alone, that order will be immediately appealable, and the resulting appeal may necessitate a new round of summary judgment briefing. Accordingly, Defendants believe that the most efficient course would be to brief either a motion for preliminary injunction or cross-motions for summary judgment, but not to consolidate the two. If the Court would prefer to move forward with expedited summary judgment briefing, Defendants believe that the deadlines that Plaintiff proposed above would be appropriate for such briefing.

5

### Staying Defendants' Answer Deadline

10. Defendants have conferred with Tennessee, which consents to staying Defendants' obligation to answer Tennessee's Complaint pending resolution of the forthcoming preliminary injunction and/or cross-motions for summary judgment.

11. A set of proposed orders is enclosed.

Respectfully submitted,

*/s/ Trenton Meriwether*

TRENTON MERIWETHER (BPR# 38577)
  Assistant Attorney General
MATTHEW P. DYKSTRA (BPR# 38237)
  Senior Assistant Attorney General
WHITNEY HERMANDORFER (BPR# 041054)
  Director of Strategic Litigation and
  Assistant Solicitor General
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202
(615) 741-8726
Trenton.Meriwether@ag.tn.gov
Matthew.Dykstra@ag.tn.gov
Whitney.Hermandrofer@ag.tn.gov

*Counsel for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| STATE OF TENNESSEE, )<br>)<br>   *Plaintiff*, )<br>)<br>v. )<br>)<br>XAVIER BECERRA, in his official )<br>capacity as Secretary of Health and Human )<br>Services; U.S. DEPARTMENT OF )<br>HEALTH AND HUMAN SERVICES; )<br>JESSICA S. MARCELLA, in her official )<br>capacity as Deputy Assistant Secretary for )<br>Population Affairs; and OFFICE OF )<br>POPULATION AFFAIRS, )<br>)<br>   *Defendants.* ) | Civil Action No. 3:23-cv-0384<br>Judge Travis R. McDonough<br>Magistrate Judge Jill E. Cook |

## [PROPOSED] ORDER SETTING BRIEFING SCHEDULE
## FOR PLAINTIFF'S PRELIMINARY INJUNCTION

After considering Plaintiff's Partially Unopposed Motion for Order Setting Briefing Schedule, the Court concludes that the best course is a bifurcated preliminary injunction and merits proceedings, so that the parties would initially brief a standalone preliminary injunction motion and summary judgment motions at a later date.

IT IS THEREFORE ORDERED that Plaintiff's preliminary-injunction briefing schedule shall be as follows:

| Parties' Consent Schedule for Preliminary Injunction Motion | | |
|---|---|---|
| **Event** | **Deadline** | **Page Limit** |
| Tennessee's Motion for Preliminary Injunction | Dec. 1, 2023 | 30 |
| Defendants' Opposition to Motion for Preliminary Injunction | Jan. 16, 2023 | 30 |
| Tennessee's Reply in Support of Motion for Preliminary Injunction | Jan. 23, 2023 | 10 |

It is further ORDERED that Defendants' obligation to answer Tennessee's Complaint is hereby stayed pending resolution of the forthcoming preliminary injunction motion.

1

_____
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| STATE OF TENNESSEE, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> XAVIER BECERRA, in his official ) <br> capacity as Secretary of Health and Human ) <br> Services; U.S. DEPARTMENT OF ) <br> HEALTH AND HUMAN SERVICES; ) <br> JESSICA S. MARCELLA, in her official ) <br> capacity as Deputy Assistant Secretary for ) <br> Population Affairs; and OFFICE OF ) <br> POPULATION AFFAIRS, ) <br> ) <br> *Defendants.* ) | Civil Action No. 3:23-cv-0384 <br> Judge Travis R. McDonough <br> Magistrate Judge Jill E. McCook |

## [PROPOSED] ORDER SETTING BRIEFING SCHEDULE FOR PLAINTIFF'S CONSOLIDATED MOTIONS FOR PRELIMINARY INJUNCTION AND SUMMARY JUDGMENT

After considering Plaintiff's Partially Unopposed Motion for Order Setting Briefing Schedule, the Court concludes that the best course is a consolidated schedule, under which the parties would brief a single combined motion for preliminary injunction and motion for summary judgment.

IT IS THEREFORE ORDERED that, Plaintiff's consolidated motions for preliminary-injunction and summary-judgment briefing schedule shall be as follows:

1

| **Schedule for Consolidated Preliminary Injunction and Summary Judgment Motion** | | |
|---|---|---|
| Tennessee's Combined Motions for Summary Judgment and Preliminary Injunction (Plus Appendix of Cited Materials) | December 8, 2023 | 40 |
| Defendants' Service of the Administrative Record | January 16, 2024 | N/A |
| Certified List of the Contents of the Administrative Record | January 16, 2024 | N/A |
| Defendants' Combined (i) Opposition to Plaintiff's Motions and (ii) Cross-Motion for Summary Judgment | January 24, 2024 | 50 |
| Tennessee's Combined (i) Reply in Support of Its Motions and (ii) Opposition to Defendants' Cross-Motion | February 9, 2024 | 30 |
| Defendants' Reply in Support of Their Cross-Motion | February 23, 2024 | 20 |
| Joint Appendix | February 23, 2024 | |

It is further ORDERED that Defendants' obligation to answer Tennessee's Complaint is hereby stayed pending resolution of the forthcoming consolidated motions.

_____
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

        I hereby certify that a true and correct copy of the forgoing document was served by email and this Court's electronic filing system on this 15th day of November 2023, on the following:

R. Charlie Merritt
U.S. Department of Justice
Civil Division, Federal Programs Branch
Tel: (202) 616-8098
Email: robert.c.merritt@usdoj.gov

*Counsel for Defendants*

                                              */s/ Trenton Meriwether*

                                              TRENTON MERIWETHER (BPR# 38577)
                                                Assistant Attorney General