IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| STATE OF TENNESSEE, | ) |
| *Plaintiff*, | ) |
| v. | ) Civil Action No. 3:23-cv-384 |
| | ) Judge Travis R. McDonough |
| | ) Magistrate Judge Jill E. McCook |
| XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; JESSICA S. MARCELLA, in her official capacity as Deputy Assistant Secretary for Population Affairs; and OFFICE OF POPULATION AFFAIRS, | ) |
| *Defendants*. | ) |

**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
AND 5 U.S.C. § 705 STAY**

In this case, Tennessee challenges as unlawful a decision by Defendants—the U.S. Department of Human Services (HHS), its sub-agency the Office of Population Affairs, and relevant officials—to rescind Tennessee's grant under Title X of the Public Health Service Act, 42 U.S.C. § 300 *et seq*. For 50 years, spanning the entirety of the Title X program, Tennessee has received federal funding to engage in family planning services through a program operated by its Department of Health. Through this Title X program, Tennessee annually serves over 40,000 residents in all 95 counties statewide—the vast majority of whom qualify as low income and would otherwise lack access to vital family planning care. Federal officials have praised the quality of Tennessee's Title X programming, and deemed the Health Department the only entity in the State that can robustly provide Title X programming with integrity.

1

In March 2022, HHS approved Tennessee for another 5-year Title X grant to run from the years 2023 through 2027. Under the grant, Tennessee would receive around $7 million in annual Title X funding. In October 2022, HHS issued a Program Report with an extensive review of Tennessee's Title X program. The report favorably reviewed Tennessee's program and continued funding. That was so even though federal reviewers knew of Tennessee's recent policy change regarding its Title X programs' abortion counseling and referrals—activities that HHS's 2021 Title X rule requires. Under Tennessee's policy, the State's Title X providers are able to provide counseling and referrals for all forms of pregnancy termination that are lawful in the State, but not for abortions that state law criminalizes.

In the challenged March 2023 Rescindment decision, however, HHS changed positions concerning Tennessee's Title X program and pulled Tennessee's longstanding Title X funding. That decision explained that, in HHS's view, its 2021 Rule required Tennessee to engage in counseling and referrals for abortions, even though a law effective after *Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228 (2022), generally bans abortion in the State. Tennessee sought to remedy this outcome and the loss of its longstanding Title X funding by filing an agency appeal. But that appeal languished; meanwhile, HHS redistributed the Tennessee funds at issue to Planned Parenthood and affiliates.

Tennessee thereafter filed suit in this Court to set aside HHS's March 2023 Rescindment on multiple legal grounds. In the present motion, Tennessee seeks preliminary relief against HHS's Rescindment in the form of a preliminary injunction or a stay under 5 U.S.C. § 705. As further set out in Tennessee's accompanying memorandum in support of this motion, preliminary relief is warranted because (1) Tennessee is likely to prevail on the merits of its challenge to HHS's Rescindment, because the Rescindment plainly violates both the U.S. Constitution and the Administrative Procedure Act, (2) allowing the Rescindment to remain in effect will inflict further irreparable harm on Tennessee, (3) preliminary relief would not harm HHS, and (4) the public interest

2

favors preliminary relief and further funding of Tennessee's effective Title X program.

Without this injunction, Tennessee's prior and impending harm is real. The State already lost $7 million in Title X funding for 2023. That loss will recur should HHS's 2024 disbursement—which Tennessee understands is likely to happen on or around April 1, 2024—again exclude Tennessee from funding. Without this funding, Tennessee's nation-leading Title X funding will fold. Or Tennessee will need to shift funds away from other policy priorities and programs to fill the gap left by HHS's unlawful Rescindment. Both avenues lead to clear-cut irreparable harm supporting preliminary relief. As the memorandum sets out, HHS's Rescindment also imposes reputational, grantee-status, public-health, and sovereignty harms in spades.

To stave off this harm, Tennessee now moves for preliminary relief under Federal Rule of Civil Procedure 65 and 5 U.S.C. § 705. Tennessee respectfully requests a decision by **March 25, 2024**, to allow either HHS to implement a decision granting relief to Tennessee during the 2024 disbursement period, or Tennessee to seek appellate review as necessary prior to that period. Specifically, Tennessee requests entry of an order:

a) Declaring that Defendants' March 20, 2023, decision ("Rescindment Decision") to rescind Tennessee's Title X funding is likely unlawful under the Spending Clause, APA, or both;

b) Staying Defendants' Rescindment Decision under 5 U.S.C. § 705, and thus denying it legally operative effect;

c) Enjoining Defendants, and any other agency or employee of the United States, from enforcing, relying on, implementing, or otherwise acting pursuant to the Rescindment Decision;

d) Enjoining Defendants from withholding Title X funds, to which Tennessee would be entitled under the March 2022 award of Tennessee's 5-year Title X grant, on the basis that Tennessee's Title X program does not engage in counseling and referrals for abortions (including out-of-state abortions) that are otherwise illegal under Tennessee law;

3

e) Enjoining Defendants from disbursing any Title X funding, to which Tennessee would be entitled absent the Rescindment Decision, to any entity other than Tennessee's Health Department; and

f) Granting any and all other preliminary relief the Court deems just and proper.

Tennessee further requests that this Court hear oral argument on the motion. Argument is warranted because this motion raises significant questions of first impression under the Spending Clause, separation-of-powers principles, Title X, and the Administrative Procedure Act, with the potential for widespread impact on other States that, like Tennessee, generally prohibit abortions.

Finally, Tennessee respectfully requests that this Court exercise its discretion to waive the security requirement of Federal Rule of Civil Procedure 65(c). No security requirement attends a stay under 5 U.S.C. § 705.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General & Reporter

/s/ Whitney Hermandorfer
WHITNEY HERMANDORFER* (BPR# 41054)
Director of Strategic Litigation and
Assistant Solicitor General
TRENTON MERIWETHER (BPR# 38577)
MATTHEW P. DYKSTRA* (BPR# 38237)
Assistant Attorneys General
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202
(615) 741-8726
Whitney.Hermandorfer@ag.tn.gov
Trenton.Meriwether@ag.tn.gov
Matthew.Dykstra@ag.tn.gov

*Admitted Pro Hac Vice*

*Counsel for Plaintiff the State of Tennessee*

4

## CERTIFICATE OF SERVICE

   I hereby certify that a true and correct copy of the foregoing document was served via the Court's electronic filing system on this 1st day of December 2023 on the following:

R. Charlie Merritt
Michael P. Clendenen
Civil Division, Federal Programs Branch
U.S. Department of Justice
(202) 616-8098
robert.c.merritt@usdoj.gov
Michael.p.clendenen@usdoj.gov

*Counsel for Defendants*

                /s *Whitney Hermandorfer*
                WHITNEY HERMANDORFER (BPR# 41054)